# ALCOM, LLC EMPLOYEE CONFIDENTIALITY, NON-DISCLOSURE, AND NON-COMPETE AGREEMENT

## Background

I desire to become, or remain, an employee of ALCOM, LLC and/or its affiliated companies, joint ventures, subsidiaries, and the successors and assigns of these entities (hereinafter the "Company") and the Company desires to employ me but also preserve the confidentiality of certain information and relationships that may be disclosed to me during the course of my employment by the Company. I acknowledge that substantial cost and expense has been or will be incurred by the Company for my training, and my training and employment has required or will require the disclosure of certain Confidential Information, trade secrets and customer relationships.

## Agreement

In consideration of my employment, continued employment, promotion, compensation increases and/or bonus from the Company, and being provided with the Confidential Information of the Company, as defined below, I agree to the following:

I.  Non-Disclosures of Confidential Information.

   a. Confidential Information Defined: I agree and acknowledge that during my employment, I will be provided with and will use confidential and proprietary information and trade secrets ("Confidential Information") of the Company. Confidential Information includes, but is not limited to: (a) the names of the Company's customers, clients, and suppliers, and the nature of the Company's relationships with these customers, clients, and suppliers; (b) the Company's business methods and practices, such as marketing and sales strategies and practices, pricing information and margin information; (c) employee training information and practices; (d) product information, such as design specifications; (e) other information not generally known to the public (including information about the Company's operations, personnel, products or service) disclosed or submitted orally, in writing, or by any other means to me which if misused or disclosed, could have a reasonable possibility of adversely affecting the business of the Company. The Company's Confidential Information also includes, but is not limited to, pre-existing client or prospective client information that I have brought with me to the Company and have used in any fashion in the course of my employment with the Company provided that such use does not violate any contractual or other obligations that I may have with any former employers. The Company's Confidential Information does not include such information which is known to the public so long as such knowledge does not result from a breach of any provision of this Agreement by me or from a breach by any other person who owes a duty of non-disclosure to the Company and does not include knowledge that becomes lawfully available to me from a source other than the Company. Nothing herein shall require the Company to disclose any of its information.

   b. Non-Disclosure: At all times during and subsequent to my employment with the Company, I agree to keep in strictest confidence the Company's Confidential Information that is

disclosed to me or to which I have access. I will not use, disclose or duplicate the Company's Confidential Information without the written consent of the Company, except as may be necessary in the ordinary course of performing my duties for the Company.

   c. <u>Surrender and Assignment of Rights of Confidential Information</u>: I assign to the Company any rights I now have or may hereafter acquire in the Company's Confidential Information. Upon the request of the Company, I shall return all Confidential Information received in writing or tangible form, including all copies or reproductions in whatever form or other media containing such Confidential Information within ten (10) days of such request. Upon termination of my employment with the Company, for whatever reason, I will promptly surrender to the Company all copies, in whatever form, of the Company's Confidential Information in my possession, custody or control, and I will not take any of the Company's Confidential Information that is embodied in a tangible or electronic form.

  II. <u>Restrictive Covenants</u>. In order to preserve the confidentiality of the Confidential Information, to prevent the theft or misuse of the Confidential Information, to protect the Company's customer relationships, with both its potential and existing customers, to protect its customer goodwill, and to protect the Company from improper or unfair competition, I agree that during my employment and for a period of twenty-four (24) months from the date my employment terminates, for any reason, whether such termination is voluntary or involuntary, I will not directly or indirectly:

   a. <u>Non-Competition</u>. Participate in the ownership or control of, act as an employee, agent, or contractor of, or directly or indirectly engage in or render services to or on behalf of any person or entity that conducts business in North America and is competitive with the Company.

Notwithstanding anything to the contrary contained in this Agreement, the Company agrees that I may own up to two percent (2%) of the outstanding shares of the capital stock of a company whose securities are registered under Section 12 of the Securities Exchange Act of 1932.

   b. <u>Non-solicitation of Employees</u>. Employ, offer to employ, solicit or recruit any employee of the company.

   c. <u>Non-solicitation of Customers</u>. Solicit, attempt to solicit, or accept work of any kind, either on my own or as an employee, employer, consultant, agent, principal, partner, shareholder, or in any other individual or representative capacity, from any customer or customer-referral source for the Company with whom I had contact during my employment. For the purpose of this Section II(c), "customer" shall mean any person, business, or entity (i) to whom the Company has provided products or services within the one (1)-year period preceding the termination of my employment, or (ii) from whom I know the Company is actively soliciting business with the one (1)-year period preceding the termination of my Employment.

  III. <u>Irreparable Harm</u>. I acknowledge that the Company has a legitimate need to protect itself from improper or unfair competition and to protect its Confidential Information, as well as the Company's customer relationships with both its prospective and existing customers, to protect its customer goodwill, and that the restrictions contained in this Agreement are

reasonable and necessary to protect the Company's operations, legitimate competitive interests, and Confidential Information. I also recognize the highly competitive nature of the Company's business and that irreparable harm would be caused by my violation of the restriction contained herein.

IV.     Non-Disparagement. At all times and following my termination with the Company, whether voluntary or involuntary, I agree not to disparage the Company, its affiliates, officers, directors, agents or employees.

V.      Remedies. I agree that the Company's remedies at law for any violations of this Agreement are inadequate and that the Company has the right to seek injunctive relief in addition to any other remedies available to it. Therefore, if I breach this Agreement, the Company has the right to, and may seek issuance of a court ordered temporary restraining order, preliminary injunction and permanent injunction, as well as any and all other remedies and damages, including monetary damages. The election of any one or more remedies by the Company shall not constitute a waiver of the right to pursue other available remedies. I further agree to pay any and all legal fees, including without limitation, all attorneys' fees, court costs and any other related fees and/or costs incurred by the Company in enforcing this Agreement. In the event I violate any provision of this Agreement, the running of the time period of such provisions so violated will be automatically suspended upon the date of such violation and shall resume on the date such violation ceases or until all appeals are resolved, whichever is later.

VI.     Duty to Disclose Agreement and to Report New Employer. I acknowledge that the Company has a legitimate business purpose in the protection of its Confidential Information, customer relationships, and customer goodwill. Accordingly, I agree that for a period of twenty-four (24) months following my termination of employment, I will promptly and forthrightly provide any new employer with a copy of this Agreement and notify them of my obligations contained here. I also will provide the Company with the identity of my new employer(s) and a description of the services being provided by me in sufficient detail to allow the Company to reasonably determine whether such activities fall within the scope of activities prohibited by the provisions of this Agreement.

VII.    Representations as to Prior or Other Agreements. I represent and warrant that I am able to perform the contemplated duties of employment without being in breach of confidentiality agreements or disclosing proprietary information of any third party, and that no proprietary information of any third party shall be disclosed to the Company. I further represent and warrant that I am not prohibited from entering into this Agreement or performing services under it by any non-competition, non-solicitation, anti-piracy agreement, relationship agreement, or any other restrictions. I agree to indemnify and hold the Company harmless from all claims or causes of action by any person or entity against the Company arising out of any alleged breach by me of any such agreement or any other restrictions inconsistent with the foregoing representations.

VIII.   Mandatory Condition of Employment. I acknowledge and agree that my entry into this Agreement is a mandatory condition of employment by the Company.

IX.  **Choice of Law and Entire Agreement.**  This Agreement shall be governed by the laws of the State of Maine, without regard to conflict of laws principles. This Agreement represents the entire understanding between me and the Company regarding its contents. Any alteration or modification of this Agreement shall not be valid unless in writing and signed by all parties.

X.  **Jurisdiction and Forum.**  An action arising out of this Agreement or the relationship between the parties established herein shall be brought only in the State of Maine Court of appropriate venue, or the United States District Court sitting in Maine, and I hereby consent to and submit myself to the jurisdiction of such Courts.

XI.  **Savings Clause.**  It is expressly understood and agreed that although the Company and I consider the restrictions contained in this Agreement to be reasonable for the purpose of preserving the Company's Confidential Information, as well as the Company's customer relationships with both its prospective and existing customers, and its customer goodwill, if the aforesaid restrictive covenants are found by any court having jurisdiction to be invalid or unreasonable because they are too broad in any extent, then the restrictions herein contained shall nevertheless remain effective, but shall be deemed amended as may be considered to be reasonable by such court, and as so amended shall be enforced.

XII.  **Waiver.**  The Company's failure to enforce any provision(s) of this Agreement shall not in any way be construed as a waiver of any such provision(s), or prevent the Company thereafter from enforcing each and every other provision of this Agreement.

XIII.  **Successors and Assigns.**  This Agreement shall be binding upon and inure to the benefit of the Company and its respective successors and assigns, and upon me and any of my heirs, personal representatives and assigns, except that my duties hereunder may not be delegated.

XIV.  **Headings.**  Headings to paragraphs and sections of this Agreement have been included solely for the sake of convenient reference and are entirely without substantive effect.

**I HAVE READ THIS AGREEMENT, UNDERSTAND IT, AND AGREE TO ITS TERMS.**

**ALCOM, LLC:**
By: _____
Position: _____
Date: _____

**EMPLOYEE:**
Signature: _James B Temple_
Printed name: _James B Temple_
Date: _4-14-15_